**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MICHAEL J. SANSOE and ERIC FRAZER, dba DE Landscaping, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant - Appellant. | No. 14-16124 <br><br> D.C. No. 4:13-cr-05043-PJH <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted July 19, 2016
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and EDMUNDS,[**] Senior
District Judge.

Ford Motor Company ("Ford") appeals the district court's denial of its

special motion to strike pursuant to California's anti-SLAPP statute, Cal. Civ.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Nancy G. Edmunds, Senior United States District Judge
for the Eastern District of Michigan, sitting by designation.

Proc. Code § 425.16. We review the denial of this motion de novo, and we affirm. *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010).

Strategic lawsuits against public participation ("SLAPP") masquerade as ordinary lawsuits but are "aimed at chilling expression through costly, time-consuming litigation." *Price v. Stossel*, 620 F.3d 992, 999 (9th Cir. 2010) (quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001)). The California legislature has attempted to discourage this practice by providing a procedural mechanism "for the early dismissal of unmeritorious claims filed to interfere with the valid exercise of the constitutional rights of freedom of speech and petition. " *Club Members for an Honest Election v. Sierra Club*, 196 P.3d 1094, 1098 (Cal. 2008).

We hold that Ford has failed to make the threshold showing that Plaintiffs' causes of action are "*based on* an act in furtherance of [Ford's] right of petition or free speech." *City of Cotati v. Cashman,* 52 P.3d 695, 701 (Cal. 2002). As the district court correctly held, this question is dispositive of Ford's motion.

We need not look beyond the opening paragraph of Plaintiffs' complaint to determine the impetus for this action. Each of Plaintiffs' claims are premised on the allegedly "unlawful, unfair and deceptive *practices* of Ford Motor Company in reacquiring defective vehicles." (Emphasis added.) Ford's practices, as alleged in

2

the operative complaint, fall into two categories: first, "Ford routinely takes a deduction for excessive damage and/or wear and tear . . . based on the condition of the Lemon Car when it is reacquired"; second, "Ford requires the Lemon Car owner to make certain improvements to the car at their own expense before it is reacquired." We therefore hold that the "act forming the basis for [Plaintiffs'] cause[s] of action" is Ford's purportedly illegal business practice of taking excessive deductions in violation of California's lemon laws. *Feldman v. 1100 Park Lane Assocs.*, 74 Cal. Rptr. 3d 1, 13 (Ct. App. 2008).

Ford argues that Plaintiffs' claims "arise from" protected conduct—i.e., a number of allegedly fraudulent statements made during the settlement process. We disagree. California law is clear that "a defendant in an ordinary private dispute cannot take advantage of the anti-SLAPP statute simply because the complaint contains some references to speech or petitioning activity by the defendant." *People ex rel. Fire Ins. Exch. v. Anapol*, 150 Cal. Rptr. 3d 224, 235 (Ct. App. 2012) (quoting *Martinez v. Metabolife Int'l, Inc.*, 6 Cal. Rptr. 3d 494, 499 (Ct. App. 2003)). Rather, "it is the *principal thrust* or *gravamen* of the plaintiff's cause of action that determines whether the anti-SLAPP statute applies." *Martinez,* 6 Cal. Rptr. 3d at 499.

Here, there is seemingly no question that but for Ford's allegedly illegal deductions (i.e., unprotected activity) Plaintiffs' fraud claims would have no basis. Accordingly, we hold that the principal thrust of Plaintiffs' claims are a challenge to Ford's reimbursement methodology, i.e., unprotected conduct.

**AFFIRMED.**